# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| **DARLENE CHAMBERS,** | ) |
| Plaintiff, | ) |
| v. | ) No. 4:06-CV-571-AGF |
| **ROBERT McCULLOCH and ST. LOUIS COUNTY,** | ) |
| Defendants. | ) |

## ORDER AND MEMORANDUM

This matter is before the Court upon the application of Darlene Chambers for leave to commence this action without payment of the required filing fee. *See* 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that the applicant is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 31-32 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds, Davis v. Scherer*, 468 U.S. 183 (1984).

**The complaint**

In this action, plaintiff seeks monetary, declaratory and injunctive relief against defendants Robert McCulloch and St. Louis County. In addition, plaintiff requests that the Court require that the United States of America be joined as a "necessary and mandatory" plaintiff because the criminal offenses alleged by plaintiff were committed against the United States of America.

Plaintiff alleges that defendant McCulloch is a terrorist and that his administration is corrupt. She alleges that defendant St. Louis County failed properly to train and supervise defendant McCulloch, and turns a blind eye to the corruption in the prosecutor's office. Specifically, plaintiff alleges that St. Louis County law enforcement officers assaulted, battered and terrorized her adult son Kevin Chambers. Plaintiff states that she had her son file complaints with the United States Attorney's Office for the Eastern District of Missouri, the Federal Bureau of Investigation, the St. Louis County Police Department Internal Affairs and the Associate Circuit Court for St. Louis County. Plaintiff asserts that, because of her demands that the St. Louis County Drug Task Force be prosecuted, defendant McCulloch retaliated against her son by causing his probation officer to allege a probation violation against him. Plaintiff states that she has suffered because of the wrongful acts of retaliation committed against her through her son.

**Discussion**

Plaintiff's allegations against the named defendants fail to state a claim upon which relief may be granted. The gravamen of plaintiff's complaint is that she has suffered because her adult son Kevin Chambers was beaten, conspired against and retaliated against by defendants.[1] The Court cannot ascertain which of plaintiff's personal constitutional rights were violated. It is well established that a civil rights claim must be based upon violation of plaintiff's personal constitutional rights. *See U. S. v. Raines*, 362 U.S. 17, 22-23, 80 S.Ct. 519 (1960) (a litigant may only assert his own constitutional rights or immunities).

Under these allegations, while Kevin Chambers may conceivably have a claim under § 1983, plaintiff Darlene Chambers does not.[2] Thus, to the extent that plaintiff seeks to litigate the rights of Kevin Chambers, this action must be dismissed because plaintiff can assert only her own legal rights and cannot assert the legal rights of a third party.[3] *Id.; Tileston v. Ullman*, 318 U.S. 44, 46, 63 S.Ct. 493 (1943). Therefore, the Court will dismiss this action prior to service of process.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma

---

[1] Requiring the United States of America to join as plaintiff in this action is beyond the purview of this Court.

[2] The Court notes that Kevin Chambers has filed several action regarding these same claims. *See Chambers v. St. Louis County*, No. 4:05-cv-1469-SNL (E.D. Mo.), *Chambers v. Tucker*, No. 4:06-cv-440-DJS (E.D. Mo.) and *Chambers v. Missouri*, No. 4:06-cv-449-SNL (E.D. Mo.).

[3] The Court makes no findings as to whether plaintiff may have an action for damages under state law, that is not cognizable under § 1983. *See Bagley v. Rogerson*, 5 F.3d 325, 328-29 (8th Cir. 1993).

pauperis [Doc. 1] be **GRANTED**.  *See* 28 U.S.C. § 1915(a).

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief may be granted or both.  *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to file case law and statement in support of the complaint [Doc. 3] be **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for order to show cause to the United States government [Doc. 4] be **DENIED** as moot.

An appropriate order of dismissal shall accompany this order and memorandum.

Dated this  28th  day of April, 2006.

    /s/Donald J. Stohr
UNITED STATES DISTRICT JUDGE